William E. Kennedy State Bar No. 158214
CONSUMER LAW OFFICE OF WILLIAM E. KENNEDY
2797 Park Avenue, Suite 201
Santa Clara, California 95050
Telephone: (408) 241-1000
Facsimile: (408) 241-1500
Email: wkennedy@kennedyconsumerlaw.com

Attorneys for Plaintiff LUCIA RUIZ

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| LUCIA RUIZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ALLY FINANCIAL INC.<br><br>　　　　Defendants. | Case No.<br><br>**COMPLAINT**<br><br>1. Conversion;<br>2. Violation of the Rosenthal Fair Debt Collection Practices Act, Civ. Code § 1788, *et seq.*;<br>3. Violation of California Consumer Credit Reporting Agencies Act, Civ. Code § 1785.1 *et seq.*;<br>4. Violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*;<br>5. Violation of Business and Professions Code § 17200 *et seq.*<br><br>**DEMAND FOR JURY TRIAL** |

### INTRODUCTION

1.      This action was brought in response to Ally Financial Inc.'s wrongful refusal to allow plaintiff to reinstate her loan and reclaim her vehicle following repossession, its continued attempts to collect a deficiency balance that is not owed, and its continued reporting of inaccurate credit reporting information.

### PARTIES

2.      Plaintiff Lucia Ruiz is an individual and at all relevant times herein was a resident of Monterey County, California.

COMPLAINT

1

3.     Defendant Ally Financial Inc. (hereinafter "Ally") is an automobile financing company.  Ally was at all relevant times and is qualified to do business in the state of California and regularly transacted business in Monterey County and Santa Clara County.

## JURISDICTION

4.     Jurisdiction is proper in the Federal District Court pursuant to 28 U.S.C. § 1331 on the basis that Defendants by an act or omission violated federal law, specifically the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.

## INTRADISTRICT ASSIGNMENT

5.     This action may be properly heard in this judicial district because (a) the Defendant conducts continuous, systematic and substantial business in Monterey County, and (b) the Plaintiff resides in Monterey County.

## FACTUAL BACKGROUND

6.     Plaintiff Lucia Ruiz purchased a new 2016 Jeep Compass from My Jeep Chrysler Dodge in Salinas, California on November 27, 2015. The purchase contract was assigned to defendant Ally by My Jeep Chrysler Dodge.

7.     Ms. Ruiz paid a $3,450 which consisted of trade in vehicle valued at $1,200 and a manufacturer's rebate of $2,250.00.

8.     Ms. Ruiz's employment at the Salinas Union High School District was not renewed in May 2016 and she fell behind on car payments. Ally repossessed the vehicle in October, 2016.

9.     Ally provided a Notice of Plan to Sell Property to Ms. Ruiz which was dated October 25, 2016.

10.     The Notice of Plan to Sell Property that Ally provided to Ms. Ruiz is attached as Exhibit 1.

11.     The Notice of Our Plan to Sell Property is a form required by California Civil Code section 2983.2.

12.     The Notice of Our Plan to Sell Property form set out the requirements for Ms. Luiz to redeem or to reinstate her contract and get her vehicle back.

2

COMPLAINT

13.     The Notice of Our Plan to Sell Property form also provided an "Extension Form" which Ms. Luiz could use to obtain a ten-day extension of time to redeem or reinstate the contract.

14.     Notice of the ten-day extension is required by California Civil Code §2983.2(a)(3).

15.     The Extension Form stated that it was to be returned by certified or registered mail, return receipt requested to the post office box address shown in the letterhead, or personally served or delivered in person to Ally Financial care of CT Corporation System, 350 North St. Paul, Suite 2900, Dallas, Texas 75201-4234.

16.     The Extension Form stated that "We must receive the signed form by the end of the day on November 14, 2016."

17.     The Notice of Our Plan to Sell Property stated that Ms. Ruiz was required to pay a $15.00 fee to the San Jose Police Department before getting her vehicle back. Ms. Ruiz paid the fee.

18.     Ms. Ruiz went to the address where her vehicle was being held to retrieve her personal belongings.  She was required to pay $50.00 to retrieve them. Several of her belongings were damaged or soiled.

19.     Seeing that the deadline to make redeem or reinstate the contract was on November 14, 2016, Ms. Ruiz took steps to obtain a ten-day extension.

20.     Ms. Ruiz called Ally to ask if she could fax in the extension form.

21.     The Ally representative that she spoke to said that she could not fax in the Extension Form.

22.     Ms. Ruiz asked whether, if she mailed the Extension Form with a postmark before the November 14, 2016 deadline, it would be considered timely.

23.     The Ally representative that Ms. Ruiz spoke to said that the Extension Form would be considered timely if postmarked before the deadline.

24.     Ms. Ruiz mailed the Extension form on November 14, 2016 to Ally Financial care of CT Corporation System, 350 North St. Paul, Suite 2900, Dallas, Texas 75201-4234.

3

COMPLAINT

25.     To further ensure that her Extension Form would be received in time, Ms. Ruiz hired a courier in Dallas, Texas to hand deliver it to Ally Financial care of CT Corporation System, 350 North St. Paul, Suite 2900, Dallas, Texas 75201-4234.

26.     The courier attempted to hand deliver it on November 14, 2016, but was not able to because neither CT Corporation nor Ally were located at that address.

27.     The courier did some investigation, and learned that CT Corporation was located at another address in Dallas. However, by the time this information was acquired, it was too late to deliver the Extension Form on November 14, 2016.

28.     The courier delivered the signed Extension Form to CT Corporation's new Dallas address on November 15, 2016.

29.     Ally nonetheless moved forward with sale of the repossessed vehicle

30.     On November 18, 2016, Ally sent a letter to Ms. Ruiz stating that her vehicle had been sold on November 16, 2016.

31.     Accordingly, Ally sold Ms. Ruiz's vehicle after it had received the Extension Form.

32.     The letter November 18, 2016 stated that Ms. Ruiz owed a $9,165.57 deficiency to Ally.

33.     Had Ally allowed Ms. Ruiz to reinstate the contract, she would have done so.

**Rees-Levering Act Requirements**

34.     California Civil Code section 2983.2(a)(3) requires that the notice of repossession set out the address where the request for a ten-day extension can be personally served or delivered.  In addition, California Civil Code section 2983.2(a)(7) requires that the notice set out the address where an accounting can be requested.

35.     The address provided by Ally in the Notice of Our Plan to Sell Property for purposes of personal service or delivery of the Extension Form was the incorrect address.

36.     The address provided by Ally in the Notice of Our Plan to Sell Property for purposes of requesting an accounting was the incorrect address.

37.     California Civil Code section 2983.2(a) states that car buyers can only be held

4

COMPLAINT

liable for a "deficiency after disposition of the repossessed or surrendered motor vehicle" only if the notice meets all of the requirements, including those in section 2983.2(a)(3) and 2983.2(a)(7).

38.     Pursuant to Civil Code section 2983.2(a), since Ally didn't inform Ms. Ruiz of the correct address, she does not owe any deficiency to Ally.

39.     Ally nonetheless sent dunning letters to Ms. Ruiz demanding payment of $9,165. Ally also called Ms. Ruiz to collect the money.

40.     Ally reported that Ms. Ruiz owed a $9,165 balance to credit reporting agencies Equifax, Experian, and Trans Union beginning in November or December 2016, and re-reporting this information each month thereafter.

41.     On December 21, 2016, Ms. Ruiz sent a letter to Ally which disputed that she owed the $9,165 balance due to non-compliance with the Rees-Levering Act.

42.     The December 21, 2016 letter which Ms. Ruiz sent to Ally is attached as Exhibit 2.

43.     The December 21, 2016 letter was also sent to Experian, Equifax and Trans Union credit reporting agencies.

44.     The December 21, 2016 described in detail the events following the repossession, including the attempt to submit the Extension Form.  The letter cited the Rees Levering Act provisions set forth in this Complaint and explained why pursuant to those provisions Ms. Ruiz did not owe a deficiency.

45.     Ms. Ruiz received no response for approximately one month.

46.     Ally sent the letter attached as Exhibit 3 on or about January 24, 2017 to Ms. Ruiz.

47.     The January 24, 2017 letter does not address the issue which Ms. Ruiz raised in her December 21, 2016 letter, which had to do Ally's reporting of a deficiency balance.

48.     Ally's January 24, 2017 letter incorrectly assumed that Ms. Ruiz was disputing the payment history on the loan, and respond only to that issue.

49.     Plaintiff is informed and believe that Ally did not give any consideration to

5

COMPLAINT

whether it had failed to comply with the Rees Levering Act and whether any noncompliance barred its attempt to collect a deficiency balance following the sale of the vehicle.

50.     Plaintiff is informed and believe that Equifax forwarded an Automated Consumer Dispute Verification form which had information about Ms. Ruiz' December 21, 2016 letter to Ally.

51.     Plaintiff is informed and believe that Experian forwarded an Automated Consumer Dispute Verification form which had information about Ms. Ruiz' December 21, 2016 letter to Ally.

52.     Plaintiff is informed and believe that Trans Union forwarded an Automated Consumer Dispute Verification form which had information about Ms. Ruiz' December 21, 2016 letter to Ally.

53.     Plaintiff is informed and believe that Equifax forwarded the December 21, 2016 letter to Ally.

54.     Plaintiff is informed and believe that Experian forwarded the December 21, 2016 letter to Ally.

55.     Plaintiff is informed and believe that Trans Union forwarded the December 21, 2016 letter to Ally.

56.     Plaintiff is informed and believes that Ally communicated to Experian that its reporting of a $9,165 deficiency balance was correct.

57.     Plaintiff is informed and believes that Ally communicated to Equifax that its reporting of a $9,165 deficiency balance was correct.

58.     Plaintiff is informed and believes that Ally communicated to Trans Union that its reporting of a $9,165 deficiency balance was correct.

59.     Mr. Ruiz received a response to the dispute from Experian indicating that it would continue to report that Ms. Ruiz owed $9,165, and that the account was past due and charged off.

60.     As the result of Ally's refusal to allow plaintiff to reinstate her car loan, Ms. Ruiz has suffered the loss of the vehicle, including all payments made towards the vehicle. Ms. Ruiz

COMPLAINT

6

has incurred rental car expenses, and other losses and inconveniences caused by the loss of her car. Defendant's collection attempts and negative credit reporting have caused Ms. Ruiz stress in the form of upset, nervousness, anger, distraction, and frustration.

**FIRST CAUSE OF ACTION**
**Conversion**

61. Plaintiff incorporates all other paragraphs of this Complaint as though fully set forth herein.

62. Ms. Ruiz had a right to reinstate the loan pursuant to the California Rees-Levering Act and would have done so had she been given the opportunity.

63. Ally's failure to provide the information necessary for her to reinstate her vehicle amounts to conversion of the vehicle. *Cerra v. Blackstone* (1985) 172 Cal.App.3d 604.

64. As a result of Ally's conversion, Ms. Ruiz has been damaged through the loss of her motor vehicle, including the payments she made toward it. Ms. Ruiz has also expended time and money attempting to reacquire the vehicle.

**SECOND CAUSE OF ACTION**
**Consumer Credit Reporting Act, Civil Code § 1785.1 et seq.**

65. Plaintiff incorporates all other paragraphs of this Complaint as though fully set forth herein.

66. Ally has reported to credit reporting agencies that Ms. Ruiz owes a deficiency balance of $9,165 with respect to the vehicle. Ally continued to report this information even after being informed of the reason it was incorrect. This false information is expected to remain on Ms. Ruiz's credit report for approximately seven years.

67. California's Civil Code § 1785.25(a) states that a "person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate."

68. Ally negligently and willfully furnished information to the credit reporting agencies that it knew or should have known was incomplete, inaccurate, and misleading, but nevertheless has reported and continue to report the information.

7

COMPLAINT

69.     In its willful reporting of inaccurate credit information, Ally was guilty of oppression, fraud, and malice as those terms are defined in Civil Code § 3294 (a).

70.     Based on these violations of Civil Code § 1785.25(a), Plaintiff is entitled to the remedies afforded him by Civil Code § 1785.31, including actual damages, pain and suffering, punitive damages, injunctive relief, and attorney's fees.

### THIRD CAUSE OF ACTION
### Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.

71.     Plaintiff incorporates all other paragraphs of this Complaint as though fully set forth herein.

72.     15 U.S.C. §1681s-2b explains the responsibilities of furnishers of credit information after they have been notified by a credit reporting agency that the consumer disputes the credit information provided by the furnisher.  Upon receiving notice of a dispute, the furnisher is to review all relevant information provided by the consumer reporting agency, conduct a reasonable investigation and report the results to the appropriate consumer reporting agencies.  The consumer may bring a cause of action against the furnisher if it does not comply with the provisions of 15 U.S.C. §1681s-2b.

73.     Plaintiff communicated her dispute regarding the derogatory credit information to Equifax, Experian and Trans Union.  Thereafter, plaintiff is informed and believes that each of these credit reporting agencies notified Ally of the dispute in accordance with 15 U.S.C. §1681i(a)(2).

74.     Thereafter, plaintiff is informed and believes that upon being notified of the dispute by a credit reporting agency, Ally failed to review all relevant information provided by the credit reporting agencies and available in its files, and/or conduct a reasonable investigation to ascertain whether the derogatory information it had reported was incomplete or inaccurate, in violation of 15 U.S.C. §1681s-2b.

75.     In addition, plaintiff is informed and believes that Ally notified the credit reporting agencies that the derogatory credit information reported with respect to the plaintiff was correct.

COMPLAINT

8

76.     Plaintiff is informed and believes that the violation of 15 U.S.C. §1681s-2b by Ally was willful.  In the alternative, plaintiff is informed and believes that the violation of 15 U.S.C. §1681s-2b by Ally was negligent.

77.     Ally's violations of 15 U.S.C. §1681s-2b caused damages in an amount to be proven at trial.

### FOURTH CAUSE OF ACTION
### Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code §§ 1788, et seq.

78.     Plaintiff incorporates all other paragraphs of this Complaint as though fully set forth herein.

79.     Ally is a "debt collector" within the meaning of Civil Code §1788.2(c).

80.     The monies which Ally sought to collect from Plaintiff is a "debt" within the meaning of Civil Code §1788.2(d).

81.     Ally, as alleged above, represented to Plaintiff that she owed a deficiency balance of $9,165.

82.     This representation is false, and in violation of Civil Code § 1788.13(e), which prohibits false representations that the consumers' debt may be increased by such charges.

83.     The debt collection practices of Ally violated other provisions of the Rosenthal Fair Debt Collection Practices Act, including to but not limited to Civil Code §1788.17, which incorporates by reference, and requires compliance with the provisions of the federal FDCPA, including:

   A.     15 U.S.C. § 1692e, which prohibits any false, deceptive or misleading representation or means in connection with the collection of any debt;

   B.     15 U.S.C. § 1692e(2)(A), which prohibits misrepresentation of the character, amount, or legal status of the debt;

   C.     15 U.S.C. § 1692e(10), which prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt;

   D.     15 U.S.C. § 1692f(1), which prohibits the collection of any amount unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

COMPLAINT

9

84.     Ally's violations were willful and knowing.

85.     As a result of Ally's violations of the Rosenthal FDCPA, Plaintiff suffered actual damages and emotional distress, in an amount to be proven at trial.

### FIFTH CAUSE OF ACTION
### California Business and Professions Code § 17200, et seq.

86.     Plaintiff incorporates all other paragraphs of this Complaint as though fully set forth herein.

87.     California Business and Professions Code sections 17200, et seq., also known as the California Unfair Competition Law ("UCL"), prohibits acts of "unfair competition," including any unlawful, unfair, fraudulent or deceptive business act or practice.

88.     Defendant's conduct alleged herein constitutes unfair, unlawful, or fraudulent acts or practices within the meaning of Business and Professions Code sections 17200, et seq. in that it constitutes a violation of the Rees-Levering Act by providing inaccurate and misleading information as to how to obtain a ten-day extension of time to reinstate or redeem a vehicle loan or obtain an accounting.

89.     As a direct result of Defendant's unfair, unlawful, or fraudulent acts and practices, plaintiff lost money or property.

90.     Defendant's unlawful, unfair and fraudulent business practices alleged herein present a continuing threat to Plaintiff and members of the public in that on information and belief Defendant persists and continues to engage in these practices, and will not cease doing so unless and until forced to do so by this Court.

91.     Pursuant to Business and Professions Code §§17200 and 17203, plaintiff seeks injunctive relief as prayed for below.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

a)   Actual damages, including emotional distress, pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, California Civil Code § 1685.31(a), and California Civil Code §

COMPLAINT

1788.30(a) and 15 U.S.C. § 1692k(a)(2)(A) (incorporated into the Rosenthal FDCPA by Civil Code §1788.17);

b) Time and money expended in pursuit of reacquisition of Ms. Ruiz' vehicle;

c) Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2) and Civil Code § 1785.31(a)(2)(B);

d) Statutory damages pursuant to California Civil Code § 1788.30(b) and 15 U.S.C. § 1692k(a)(2)(B) (incorporated into the Rosenthal Act by Civil Code § 1788.17);

e) Injunctive relief to remove the derogatory credit from Plaintiff's credit report pursuant to California Civil Code § 1785.31(b) and Business and Professions Code § 17200 et seq.;

f) Injunctive relief to require Ally to inform consumers generally of the correct address for submission of the Extension Form and to request an accounting.

g) Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n(c), California Civil Code § 1785.31(a)(1), California Civil Code § 1785.31(d), California Civil Code § 1788.30(c), and 15 U.S.C. § 1692k(a)(3) (incorporated into the Rosenthal Act by Civil Code §1788.17); and Code of Civil Procedure § 1021.5.

h) For such other and further relief as the Court deems just and proper.


DATED: February 7, 2017                  CONSUMER LAW OFFICE OF WILLIAM E. KENNEDY


                              By:      /s/ William E. Kennedy
                                       Attorneys for Plaintiff Lucia Ruiz

# **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury of all the claims asserted in this Complaint so triable.

DATED: February 7, 2017                    CONSUMER LAW OFFICE OF WILLIAM E. KENNEDY


                                       By:    /s/ William E. Kennedy
                                              Attorneys for Plaintiff Lucia Ruiz

COMPLAINT

**EXHIBIT 1**

*Fax #*

*Sam*
*Cornell Re leem - Specialist*

**ally**

P.O. Box 380903
Bloomington, MN 55438-0903
(877) 845-8862



October 25, 2016

LUCIA RUIZ
PO BOX 3673
SALINAS, CA  93912

## NOTICE OF OUR PLAN TO SELL PROPERTY

Subject:  Account Number Redacted

We have your vehicle (a 2016 JEEP COMPASS  with VIN 1C4NJCBA3GD543050), because you
broke promises in our agreement.

We will sell your vehicle at private sale sometime after November 14, 2016.  A sale could include a
lease or license.

The money that we get from the sale (after paying our costs) will reduce the amount you owe.  If we
get less money than you owe, you will still owe us the difference.  If we get more money than you
owe, you will get the extra money, unless we must pay it to someone else.

You can get the property back at any time before we sell it by paying us the full amount you owe
(not just the past due payments), including our expenses.  To learn the exact amount you must pay,
call us at the telephone number at the top of this letter.

If you want us to explain to you in writing how we have figured the amount that you owe us, you
may call us at the telephone number at the top of this letter or write us at the address at the top of
this letter and request a written explanation.

If you need more information about the sale, call us at the telephone number at the top of this letter,
or write us at the address at the top of this letter.

We are sending this notice to the following other people who have an interest in your
vehicle or who owe money under your agreement:

None

#E-896949-00284

LUCIA RUIZ

Redacted

October 25, 2016
Page 3



If your vehicle was repossessed, California law requires you to pay a repossession report fee of
$15.00 to the sheriff's office or police department to which the repossession was reported. You
should pay this fee to the San Jose Police Dept at 201 W Mission St, San Jose CA 95110. You
must provide us proof of payment before we can let you have your vehicle back.

Your vehicle will be at PKALLYLPR / TRI CITY RECOVERY, 2640 Pacer Ln, San Jose, CA,
95111. We may move the vehicle, however, to an alternate location of Adesa Brashers, 6233
Blacktop Road, Rio Linda, CA, 95673 for storage and/or in preparation for sale. You may call us
to confirm the vehicle location and to obtain authorization for admittance if you want to see the
vehicle or to retrieve it if you do what is required to get it back.

We must send you any extra money owed to you from the sale of your vehicle within a
reasonable time, not to exceed 45 days. If you do not get the money, you may have the right to
sue for it plus any penalties fixed by law.

We will send you a written accounting of the sale of the vehicle automatically within 45 days after
we sell it. You have the right to get this accounting if you ask for it in writing within one year after
we sell the vehicle. Your request for an accounting must be delivered to CT Corporation System,
350 North St. Paul, Suite 2900, Dallas, Texas 75201-4234 personally or sent to us at the
address at the top of this letter by first class mail, postage prepaid, or certified mail, return
receipt requested.

**NOTICE. YOU MAY BE SUBJECT TO SUIT AND LIABILITY IF THE AMOUNT OBTAINED
UPON DISPOSITION OF THE VEHICLE IS INSUFFICIENT TO PAY THE CONTRACT
BALANCE AND ANY OTHER AMOUNTS DUE.**

You will be liable for the deficiency balance, plus interest, at the contract rate from the date of
the disposition of the vehicle to the date of the entry of judgment.

If you do not do what is required to get your vehicle back, by November 14, 2016, we will cancel
any optional insurance, maintenance, service or other contract/policy that is part of your contract.
Make sure any other coverage you no longer want is canceled, by calling the insurance company
or the dealer to do this. You have a right to credit for any refunds.

Sincerely,
Ally Financial

*The insurance premium rebate is for credit insurance if it was part of your contract. It is also
for any limited physical damage insurance.

As required by law, you are hereby notified that a negative credit report reflecting on your credit
record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit
obligations.

Attachment

E-896949-00284

LUCIA RUIZ
Redacted
October 25, 2016
Page 2

**Additional information:**

You can get your vehicle back by paying in full the indebtedness evidenced by the contract (redeem) plus additional finance charges that accrue after the date of this letter of $ 9.37 per day plus other amounts as described in this notice. As of the date of this letter the redemption amount is:

| | | |
|---|---|---|
| Contract balance | $ | 21,788.53 |
| Total finance charge | + | 693.39 |
| Unearned insurance premium* | − | 793.88 |
| Other credits | − | 0.00 |
| Late charges | + | 217.54 |
| Expenses (Repossession Fees $350.00) | + | 350.00 |
| TOTAL | $ | 22,255.58 |

You can also get your vehicle back any time before we sell it by paying past due payments, late charges, and expenses (reinstate) as described in this notice. Then you must start making your payments again. As of the date of this letter, the amount to reinstate is:

| | | |
|---|---|---|
| Past due payments  (1 of $418.01 and 3 of $491.75) | $ | 1,893.26 |
| Late charges | + | 217.54 |
| Expenses (Repossession Fees $350.00) | + | 350.00 |
| TOTAL | $ | 2,460.80 |

To redeem or reinstate, you may send your payment to Ally Financial at the address at the top of this letter by mail, in which case, we will hold your vehicle until the funds have cleared. You may use the services of Western Union or MoneyGram, in which case, your vehicle will be released without further delay.

You can obtain 10 extra days to redeem or reinstate. To do so, sign and date the extension form included with this letter. Then personally serve or deliver it in person to us at the address noted on the extension form, or send it to us at the post office box address at the top of this letter by certified or registered mail, return receipt requested. If we receive your extension form by the end of the day on November 14, 2016, we will, without further notice, wait to sell the vehicle until at least 10 days after November 14, 2016 to give you at least 10 extra days to redeem or reinstate. After the 10 extra days are over, you will still be able to redeem or reinstate at any time before we sell the vehicle.

The amount you must pay to redeem or reinstate will increase by $10.00 per day for storage charges beginning on October 31, 2016.

The amount required to reinstate will also increase by the amount of your next payment of $491.75 on November 7, 2016.

# NOTICE OF OUR PLAN TO SELL PROPERTY

## EXTENSION FORM

Lucia Ruiz
Po Box 3673
Salinas, CA  93912

Account No.: Redacted
Vehicle:      2016 JEEP COMPASS
VIN:          1C4NJCBA3GD543050

To obtain an extra 10 days on the redemption period, or if applicable, the reinstatement period, sign below and do either of the following:

- Return this form by certified or registered mail, return receipt requested to the post office box address shown in the letterhead above; or

- Personally serve or deliver it in person to Ally Financial care of CT Corporation System, 350 North St. Paul, Suite 2900, Dallas, Texas 75201-4234.

We must receive the signed form by the end of the day on November 14, 2016.

I would like to obtain an extra ten days to get my vehicle back.

_____          __11-14-2016___
              Signature                          Date

**EXHIBIT 2**

Lucia Ruiz
P.O. Box 3673
Salinas, CA 93912
(831)756-2272

December 21, 2016

Experian
701 Experian Pkwy
Allen, TX 75013

Certified Mail 7006 0100 0005 7545 8048
Return Receipt Requested

TransUnion
555 West Adams Street
Chicago, IL 60661

Certified Mail 7006 0100 0005 7545 8055
Return Receipt Requested

Equifax Information Services, LLC
1550 Peachtree St. NW
Atlanta, GA 30309-2468

Certified Mail 7006 0100 0005 7545 8062
Return Receipt Requested

Ally Financial
P.O. Box 380901
Bloomington, MN 55438

Certified Mail 7006 0100 0005 7545 8079
Return Receipt Requested

RE:   Lucia Ruiz
Social Security No. Redacted
Date of Birth: Redacted
Disputed Account: Ally Financial Account No. Redacted

I am writing because I **dispute** part of the information being reported by Ally Financial
on my credit reports. Ally is reporting that I owe a balance of \$9,165 on this account, which is a
car loan for a 2016 Jeep Compass, Vehicle Identification Number 1C4NJCBA3GD543050. I
don't owe this amount because Ally did not comply with California law related to repossessions,
as described below.

I fell behind on my payments after my employment at the Salinas Union High School
District was not renewed. I continued to make payments when I could, and kept in touch with
Ally about having to make late payments. Ally repossessed my car in late October, 2016.

After the repossession, Ally sent a notice allowing me to get my car back by getting
caught up on the loan and paying other fees by November 14, 2016. The notice also allowed me
to request a ten-day extension of time by mailing or delivering the notice to this address: CT
Corporation System, 350 North St. Paul, Suite 2900, Dallas, Texas 75201-4234. The notice lists
this same address as the place where a request for an accounting can be sent.

Because my car had been repossessed, I had difficulty getting to my P.O. Box where the notice was sent, and didn't received the notice until shortly before November 14, 2016. I called Ally to ask if I could fax the ten-day extension form, and was told that I could not. I asked if the extension form would be valid if I mailed it, and had it postmarked before November 14, and was told that it would, so I mailed the form. In addition, to be sure it was received, I hired a courier in Dallas to deliver the extension form to the Dallas address. The courier went to the 350 North St. Paul address listed on the notice and could not locate CT Corporation. The next day, the courier researched the issue and learned that CT Corporation had moved to a new address in Dallas. On November 15, 2016, one day after the deadline, the courier delivered the extension request to the new address.

I later learned that Ally sold my car, and therefore I have lost all of my investment.

I also checked my credit report and see that Ally is now claiming that I owe $9,165. It appears that Ally is claiming that the sale of the car didn't cover the entire amount of the loan, and therefore I owe this amount.

I have consulted with attorneys, and have learned that California law requires that the notice of repossession must set out the address where the request for a ten-day extension can be sent. This requirement is at California Civil Code section 2983.2(a)(3). In addition, California Civil Code section 2983.2(a)(7) requires that the notice set out the address where an accounting can be requested.

California Civil Code section 2983.2(a) states that car buyers can only be held liable for a "deficiency after disposition of the repossessed or surrendered motor vehicle" only if the notice meets all of the requirements, including those in section 2983.2(a)(3). Since Ally didn't tell me the correct address, I don't owe any deficiency and Ally cannot report to credit reporting agencies that I do.

Ally also should change its repossession notice to tell car buyers the right address to send the extension form and request an accounting.

Lucía Ruiz
P.O. Box 3673
Salinas, CA  93912


Enclosures:    1. Driver's License
               2. Notice of Our Plan to Sell Property, with Extension Form





*Fax #*

*Sam Cornell Redeem Specialist*

P.O. Box 380903
Bloomington, MN 55438-0903
(877) 845-8862



October 25, 2016

LUCIA RUIZ
PO BOX 3673
SALINAS, CA   93912

## NOTICE OF OUR PLAN TO SELL PROPERTY

Subject: Account Number Redacted

We have your vehicle (a 2016 JEEP COMPASS  with VIN 1C4NJCBA3GD543050), because you broke promises in our agreement.

We will sell your vehicle at private sale sometime after November 14, 2016.  A sale could include a lease or license.

The money that we get from the sale (after paying our costs) will reduce the amount you owe.  If we get less money than you owe, you will still owe us the difference.  If we get more money than you owe, you will get the extra money, unless we must pay it to someone else.

You can get the property back at any time before we sell it by paying us the full amount you owe (not just the past due payments), including our expenses.  To learn the exact amount you must pay, call us at the telephone number at the top of this letter.

If you want us to explain to you in writing how we have figured the amount that you owe us, you may call us at the telephone number at the top of this letter or write us at the address at the top of this letter and request a written explanation.

If you need more information about the sale, call us at the telephone number at the top of this letter, or write us at the address at the top of this letter.

We are sending this notice to the following other people who have an interest in your vehicle or who owe money under your agreement:

None

ME-896949-00284

**LUCIA RUIZ**
Redacted
October 25, 2016
Page 3



If your vehicle was repossessed, California law requires you to pay a repossession report fee of $15.00 to the sheriff's office or police department to which the repossession was reported. You should pay this fee to the San Jose Police Dept at 201 W Mission St, San Jose CA 95110. You must provide us proof of payment before we can let you have your vehicle back.

Your vehicle will be at PKALLYLPR / TRI CITY RECOVERY, 2640 Pacer Ln, San Jose, CA, 95111. We may move the vehicle, however, to an alternate location of Adesa Brashers, 6233 Blacktop Road, Rio Linda, CA, 95673 for storage and/or in preparation for sale. You may call us to confirm the vehicle location and to obtain authorization for admittance if you want to see the vehicle or to retrieve it if you do what is required to get it back.

We must send you any extra money owed to you from the sale of your vehicle within a reasonable time, not to exceed 45 days. If you do not get the money, you may have the right to sue for it plus any penalties fixed by law.

We will send you a written accounting of the sale of the vehicle automatically within 45 days after we sell it. You have the right to get this accounting if you ask for it in writing within one year after we sell the vehicle. Your request for an accounting must be delivered to CT Corporation System, 350 North St. Paul, Suite 2900, Dallas, Texas 75201-4234 personally or sent to us at the address at the top of this letter by first class mail, postage prepaid, or certified mail, return receipt requested.

**NOTICE. YOU MAY BE SUBJECT TO SUIT AND LIABILITY IF THE AMOUNT OBTAINED UPON DISPOSITION OF THE VEHICLE IS INSUFFICIENT TO PAY THE CONTRACT BALANCE AND ANY OTHER AMOUNTS DUE.**

You will be liable for the deficiency balance, plus interest, at the contract rate from the date of the disposition of the vehicle to the date of the entry of judgment.

If you do not do what is required to get your vehicle back, by November 14, 2016, we will cancel any optional insurance, maintenance, service or other contract/policy that is part of your contract. Make sure any other coverage you no longer want is canceled, by calling the insurance company or the dealer to do this. You have a right to credit for any refunds.

Sincerely,
Ally Financial

*The insurance premium rebate is for credit insurance if it was part of your contract. It is also for any limited physical damage insurance.

As required by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations.

Attachment

E-896949-00284

GOLD & HAMMES

# NOTICE OF OUR PLAN TO SELL PROPERTY

### EXTENSION FORM



Lucia Ruiz
Po Box 3673
Salinas, CA 93912

Account No.: Redacted
Vehicle: 2016 JEEP COMPASS
VIN: 1C4NJCBA3GD543050

To obtain an extra 10 days on the redemption period, or if applicable, the reinstatement period, sign below and do either of the following:

- Return this form by certified or registered mail, return receipt requested to the post office box address shown in the letterhead above; or

- Personally serve or deliver it in person to Ally Financial care of CT Corporation System, 350 North St. Paul, Suite 2900, Dallas, Texas 75201-4234.

We must receive the signed form by the end of the day on November 14, 2016.

I would like to obtain an extra ten days to get my vehicle back.

_____
Signature

11-14-2016
Date

**EXHIBIT 3**



P.O. Box 380901
Bloomington, MN 55438

January 24, 2017

Lucia Ruiz
Po Box 3673
Salinas, CA  93912

Account #: Redacted
Vehicle: N16 Jeepcompass
VIN:  1C4NJCBA3GD543050

Dear Lucia Ruiz:

Thank you for your inquiry regarding information Ally Financial has furnished to the credit reporting
agencies on the above referenced account.

We have completed a review of your account and according to our records; Ally Financial is accurately
furnishing 3 payment(s) paid over 30 days late, 3 payment(s) paid over 60 days late, and 2 payment(s)
paid over 90 days late.  For your convenience, a copy of the payment history of the account is enclosed so
you may compare the dates on the payment history with your payment records.  If you find any
discrepancies, please obtain a copy of the front and back of the check(s), or other payment verification,
for the payment(s) you are disputing and mail it to the address on this letter for further review.

Thank you for the opportunity to review and address your concerns.  If you have additional questions,
please do not hesitate to contact us at 888-925-2559.

Sincerely,
Ally Financial
888-925-2559

Enclosure

CRREPORT\conflinfo (SA)

This information is the confidential information of Ally and has been created for the customer identified above for the sole purpose of documenting such customer's payment history. Information prepared on 1/24/2017.

**Ally**

## PAYMENT HISTORY

Customer: Lucia Ruiz

Account #: Redacted

For the Period: 11/27/2015 To: 11/17/2016

Scheduled Payment: $491.75  First Due: 1/7/16

Original Outstanding Balance: $22,722.46

| Date Due | Sch Pmt | Pmt Due | Date Paid | 30 | 60 | 90 | Balance Paid | Finance Paid | Paid Late | Other Paid | Total Paid | Balance | EXT | Comments |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1/7/16 | $491.75 | $491.75 | 1/11/16 | | | | $51.12 | $440.63 | | | $491.75 | $22,671.34 | | |
| 2/7/16 | $491.75 | $491.75 | 3/12/16 | X | | | | $491.75 | | | $491.75 | $22,671.34 | | |
| Principle Reduction | | $0 | | | | | | | | | | | | |
| 3/7/16 | $491.75 | $491.75 | 4/12/16 | X | | | $387.46 | | | | $387.46 | $22,283.88 | | Reduce remaining outstanding |
| 4/7/16 | $491.75 | -$73.74 | 5/6/16 | X | | | $441.77 | $615.47 | | | $1,057.24 | $21,842.11 | | balance |
| 5/7/16 | $491.75 | $418.01 | 7/8/16 | X | X | | | | | | $0.00 | $21,842.11 | | Marks in the 30/60/90 field indicate |
| 6/7/16 | $491.75 | $418.01 | 8/12/16 | X | X | | | $491.75 | | | $491.75 | $21,842.11 | | the date the payment was received |
| 7/7/16 | $491.75 | $418.01 | 10/21/16 | X | X | | $53.58 | $438.17 | | | $491.75 | $21,788.53 | | more |
| 8/7/16 | $491.75 | $909.76 | | X | X | | | | | | $0.00 | $21,788.53 | | than 30/60/90 days late |
| 9/7/16 | $491.75 | $1,401.51 | | | | | | | | | $0.00 | $21,788.53 | | Involuntary Repossession 10/21/16 |
| 10/7/16 | $491.75 | $1,893.26 | | | | | | | | | $0.00 | $21,788.53 | | Accounting entry completed to |
| 11/7/16 | $491.75 | $2,385.01 | | | | | | | | | $0.00 | $21,788.53 | | disposition account from primary |
| **TOTALS** | | | | 3 | 3 | 1 | $933.93 | $2,477.77 | $0.00 | $0.00 | $3,411.70 | - | | system of record on 11/15/16 |