UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LUCIA RUIZ,<br><br>            Plaintiff,<br><br>      v.<br><br>ALLY FINANCIAL INC.,<br><br>            Defendant. | Case No. 17-CV-00613-LHK<br><br>**ORDER GRANTING IN PART AND DENYING PART MOTION TO COMPEL ARBITRATION**<br><br>Re: Dkt. No. 8 |

Plaintiff Lucia Ruiz ("Plaintiff") sues Defendant Ally Financial Inc. ("Defendant") for causes of action relating to Defendant's alleged refusal to reinstate Plaintiff's vehicle loan following the vehicle's repossession. ECF No. 1. Before the Court is Defendant's motion to compel arbitration. ECF No. 8. The Court finds this matter suitable for resolution without oral argument and hereby VACATES the motion hearing set for June 1, 2017, at 1:30 p.m. Having considered the parties' argument, the relevant law, and the record in this case, the Court GRANTS in part and DENIES in part Defendant's motion to compel arbitration.

**I.      BACKGROUND**

**A.     Factual Background**

Plaintiff purchased a 2016 Jeep Compass from My Jeep Chrysler Dodge in Salinas,

California on November 27, 2015.  ECF No. 1 ("Compl."), ¶ 6.  That same day, Plaintiff signed a retail installment contract ("RIC") with My Jeep Chrysler Dodge.  *See* ECF No. 9, at 2.  The RIC contained the following arbitration clause:

> 1. EITHER YOU OR WE MAY CHOOSE TO HAVE ANY DISPUTE BETWEEN US DECIDED BY ARBITRATION AND NOT IN COURT OR BY JURY TRIAL
>
> 2. IF A DISPUTE IS ARBITRATED, YOU WILL GIVE UP YOUR RIGHT TO PARTICIPATE AS A CLASS REPRESENTATIVE OR CLASS MEMBER ON ANY CLASS CLAIM YOU MAY HAVE AGAINST US INCLUDING ANY RIGHT TO CLASS ARBITRATION OR ANY CONSOLIDATION OF INDIVIDUAL ARBITRATIONS
>
> 3. DISCOVERY AND RIGHTS TO APPEAL IN ARBITRATION ARE GENERALLY MORE LIMITED THAN IN A LAWSUIT, AND OTHER RIGHTS THAT YOU AND WE WOULD HAVE IN COURT MAY NOT BE AVAILABLE IN ARBITRATION.

ECF No. 19-2, at 2; *see also* ECF No. 8, at 8.[1]  In addition, the RIC's arbitration clause contained the following language:

> Any claim or dispute, whether in contract, tort, statute or otherwise (including the interpretation and scope of this Arbitration Provision, and the arbitrability of the claim or dispute), between you and us or our employees, agents, successors or assigns, which arises out of or relates to your credit application, purchase or condition of this vehicle, this contract or any resulting transaction or relationship (including any such relationship with third parties who do not sign this contract) shall, at your or our election, be resolved by neutral, binding arbitration and not by a court action.  If federal law provides that a claim or dispute is not subject to binding arbitration, this Arbitration Provision shall not apply to such claim or dispute.  Any claim or dispute to be arbitrated is to be arbitrated by a single arbitrator on an individual basis and not as a class action.  You expressly waive any right you may have to arbitrate a class action.

ECF No. 19-2, at 2; *see also* ECF No. 10-1, at 2.  My Jeep Chrysler Dodge subsequently assigned the RIC to Defendant.  *See* ECF No. 9, at 2.

---

[1] The copy of the RIC submitted by Defendant is illegible.  The copy submitted by Plaintiff is clearer, but largely illegible.  Both parties provide in their briefs the language quoted in this Order, and accordingly the Court relies on the parties' representation that the quoted language is correct.  To the extent that another provision in the RIC might conflict with the provisions quoted in this Order, the parties have not quoted any such provisions to the Court, and the Court has not found any such provisions in the portions of the RIC that are legible.

Plaintiff fell behind on her car payments, and Defendant repossessed Plaintiff's vehicle in October 2016. Compl. ¶ 8. On October 25, 2016, Defendant provided to Plaintiff a "Notice of Plan to Sell Property" (hereinafter, "Notice"), which set out the requirements for Plaintiff to reinstate her loan and retrieve her vehicle. *Id.* ¶¶ 9–12. The Notice also provided Plaintiff with an "Extension Form" with which Plaintiff could obtain a ten-day extension of time for Plaintiff to fulfill these requirements. *Id.* ¶ 13. The Extension Form stated that Defendant "must receive the signed form by the end of the day on November 14, 2016." *Id.* ¶ 16.

Plaintiff mailed the Extension Form to the Dallas, Texas address provided by Defendant in the Extension Form. *Id.* ¶ 21–28. In addition, Plaintiff hired a courier in Dallas to hand deliver the documents at the address. *Id.* ¶ 25. However, the courier could not locate Defendant at the address provided. *Id.* The courier investigated and eventually found a different Dallas, Texas address at which the courier could send the form to Defendant. *Id.* ¶ 27. The courier delivered the Extension Form one day late, on November 15, 2016. *Id.* ¶ 27–28. Although it received the Extension Form, Defendant sold Plaintiff's vehicle on November 16, 2016. *Id.* ¶ 31–33.

**B.     Procedural History**

Plaintiff filed suit against Defendant in this Court on February 7, 2017. *Id.* Plaintiff alleged five causes of action against Defendant for Defendant's wrongful refusal to reinstate Plaintiff's loan, and Defendant's continuing attempt to collect from Plaintiff a deficiency balance on the loan. *See id.* Specifically, Plaintiff alleged that Defendant was liable for (1) conversion; (2) violation of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788; (3) violation of the California Consumer Credit Reporting Agencies Act, Cal. Civ. Code § 1785.1; (4) violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681; and (5) violation of California Business and Professional Code §17200. *See generally id.*

On March 14, 2017, Defendant filed a "Motion to Compel Bilateral Arbitration and to Stay or Dismiss Proceedings Pursuant to the Federal Arbitration Act" (hereinafter, "motion"). *See* ECF No. 8 ("Mot."). According to Defendant's motion, although Plaintiff did "not contest [Defendant's] right to compel arbitration," Plaintiff refused to agree to Defendant's proposed

stipulation to proceed to arbitration because Defendant's proposed stipulation stated that "[t]he parties agree that the arbitrator shall have no authority to certify a class and that Plaintiff will not seek to certify a class in arbitration." *See* Mot. at 6; ECF No. 10-1, at 5. Defendant moved to compel arbitration, and asked the Court to hold that the RIC precludes class arbitration. *See* Mot. at 1, 12–13.

On March 28, 2017, Plaintiff opposed Defendant's motion. ECF No. 18 ("Opp."). Plaintiff stated that Plaintiff agreed to arbitrate her claims, and that Plaintiff "would not oppose [Defendant's] motion if that were all that were sought." *Id.* at 1–2. Plaintiff opposed Defendant's motion only because Defendant was asking the Court to "go[] further and rule[] on the speculative issue of whether class treatment is allowable [in arbitration], when plaintiff has not plead or sought class treatment" for her claims. *Id.* at 2. Plaintiff further argued that, even if Plaintiff did plead class claims, the issue of whether Plaintiff's claims were arbitrable on a class-wide basis was an issue for the *arbitrator* to decide, not the Court. *Id.* at 4–5.

On April 4, 2017, Defendant filed a Reply to Plaintiff's motion. ECF No. 21 ("Reply"). Defendant explained that its motion to compel was necessitated by "Plaintiff's refusal to enter into an agreement expressly prohibiting the arbitration of her claims on a class-wide basis." *Id.* at 2. According to Defendant, the availability of class arbitration was a gateway issue for the Court to decide. *Id.* at 2–3.

## II. LEGAL STANDARD

The Federal Arbitration Act ("FAA") applies to arbitration agreements in any contract affecting interstate commerce. *See Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 119 (2001); 9 U.S.C. § 2. Under Section 3 of the FAA, "a party may apply to a federal court for a stay of the trial of an action 'upon any issue referable to arbitration under an agreement in writing for such arbitration.'" *Rent–A–Center, West, Inc. v. Jackson*, 561 U.S. 63 (2010) (quoting 9 U.S.C. § 3). If all claims in litigation are subject to a valid arbitration agreement, the court may dismiss or stay the case. *See Hopkins & Carley, ALC v. Thomson Elite*, 2011 WL 1327359, at *7–8 (N.D. Cal. Apr. 6, 2011).

The FAA states that written arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. In deciding whether a dispute is arbitrable, a court must answer two questions: (1) whether the parties agreed to arbitrate, and, if so, (2) whether the scope of that agreement to arbitrate encompasses the claims at issue. *See Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000). If a party seeking arbitration establishes these two factors, the court must compel arbitration. *Id.*; 9 U.S.C. § 4. "The standard for demonstrating arbitrability is not a high one; in fact, a district court has little discretion to deny an arbitration motion, since the [FAA] is phrased in mandatory terms." *Republic of Nicar. v. Std. Fruit Co.*, 937 F.2d 469, 475 (9th Cir. 1991). In cases where the parties "clearly and unmistakably intend to delegate the power to decide arbitrability to an arbitrator," the court's inquiry is "limited . . . [to] whether the assertion of arbitrability is 'wholly groundless.'" *Qualcomm Inc. v. Nokia Corp.*, 466 F.3d 1366, 1371 (Fed. Cir. 2006) (applying Ninth Circuit law). Nonetheless, "arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which [s]he has not agreed so to submit." *AT & T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 648 (1986) (quoting *Steelworkers v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582 (1960)).

The FAA creates a body of federal substantive law of arbitrability that requires a healthy regard for the federal policy favoring arbitration and preempts state law to the contrary. *Volt Info. Scis., Inc. v. Bd. of Trs. of Leland Stanford Junior Univ.*, 489 U.S. 468, 475–79 (1989) ("[T]he FAA must be resolved with a healthy regard for the federal policy favoring arbitration."). However, "state law is not entirely displaced from federal arbitration analysis." *Ticknor v. Choice Hotels Int'l, Inc.*, 265 F.3d 931, 936–37 (9th Cir. 2001). When deciding whether the parties agreed to arbitrate a certain matter, courts generally apply ordinary state law principles of contract interpretation. *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 944 (1995) ("Courts generally should apply ordinary state-law principles governing contract formation in deciding whether [an arbitration] agreement exists."). Parties may also contract to arbitrate according to state rules, so long as those rules do not offend the federal policy favoring arbitration. *Volt*, 489 U.S. at 476,

5

478–79 (looking to whether state rules "offend[ed] the rule of liberal construction" in favor of arbitration). Thus, in determining whether parties have agreed to arbitrate a dispute, the court applies "general state-law principles of contract interpretation, while giving due regard to the federal policy in favor of arbitration by resolving ambiguities as to the scope of arbitration in favor of arbitration." *Mundi v. Union Sec. Life Ins. Co.*, 555 F.3d 1042, 1044 (9th Cir. 2009) (quoting *Wagner v. Stratton Oakmont, Inc.*, 83 F.3d 1046, 1049 (9th Cir. 1996)). "[A]s with any other contract, the parties' intentions control, but those intentions are generously construed as to issues of arbitrability." *Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth, Inc.*, 473 U.S. 614, 626 (1985). If a contract contains an arbitration agreement, there is a "presumption of arbitrability," *AT & T*, 475 U.S. at 650, and "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration," *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25 (1983).

### III. DISCUSSION

Defendant's motion to compel arbitration comes to the Court in a unique posture. Both parties agree that the RIC contains a valid arbitration provision, and both parties agree that the arbitration clause governs the claims asserted in Plaintiff's complaint. *See* Opp. at 2. Accordingly, both parties agree that the Court should compel arbitration, and that this case should be stayed or dismissed pending arbitration. *See* Mot. at 13; Opp. at 2. The only dispute between the parties is whether, in compelling arbitration, this Court must rule on whether the RIC precludes arbitration of Plaintiff's claims on a class-wide basis. *See* Mot. at 12. For the reasons discussed below, the Court agrees with Plaintiff that the Court need not decide this issue.

First, the Court does not need to decide whether the RIC permits arbitration on a class-wide basis because Plaintiff has brought only individual claims in her Complaint. *See* ECF No. 1. Plaintiff refused to sign Defendant's proposed stipulation to compel arbitration only because Plaintiff—who *agrees* to arbitrate her claims—did not want to agree to the portion of Defendant's stipulation that provided that the arbitrator "shall have no authority to certify a class" and that Plaintiff is precluded from seeking certification of a class in arbitration. ECF No. 10-1, at 5; *see*

6
Case No. 17-CV-00613-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTION TO COMPEL ARBITRATION

Opp. As Plaintiff asserts, Plaintiff did not want to "sign a stipulation that rules on an issue which is not relevant to the pleadings." Opp. at 4. Plaintiff's refusal to stipulate to this language is understandable, and Defendant's insistence that this Court rule on whether the RIC permits class arbitration—despite the absence of *any* class claims in the Complaint—is puzzling. Although Defendant asserts that the issue of whether the RIC permits class arbitration is a "gateway question" that the Court must decide, *see* Mot. at 12, the only cases cited by Defendant are cases in which the Plaintiff actually *brought class claims* and sought to arbitrate on a class-wide basis. *See* Reply at 4; *see DIRECTV, Inc. v. Imburgia*, 136 S. C. 463, 471 (2015) (reviewing lower court's decision finding class waiver unconscionable in case where plaintiffs had filed a class action complaint and a class had in fact been certified); *AT&T Mobility, LLC v. Concepcion*, 563 U.S. 333 (2011) (reviewing lower court decision finding class waiver unconscionable in case where the plaintiff's suit had been "consolidated with a class action"). That is not the case here, where there are *no* class allegations in Plaintiff's complaint. This Court cannot rule on issues that are not presently before it. *See Gladwell Gov't Servs., Inc. v. Cty. of Marin*, 2005 WL 2656964, at *3 (N.D. Cal. Oct. 17, 2005) ("This Court simply has no jurisdiction to provide an advisory opinion on a hypothetical set of facts.").

Second, even assuming that the issue of whether the RIC permits class arbitration is properly before the Court, the Court agrees with Plaintiff that the parties have delegated the issue to the arbitrator to decide. "It is well established that parties may be compelled to arbitrate only those disputes they have agreed to arbitrate, including the issue of arbitrability itself." *Yahoo! Inc. v. Iversen*, 836 F. Supp. 2d 1007, 1011 (N.D. Cal. 2016). "When Courts decide whether the parties agreed to arbitrate arbitrability, 'Courts should not assume that the parties agreed to arbitrate arbitrability unless there is 'clear and unmistakable' evidence that they did so." *Id.* (quoting *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 943 (1995)).

Here, the RIC contains the following language:

> Any claim or dispute, whether in contract, tort, statute or otherwise (***including the interpretation and scope of this Arbitration Provision, and the arbitrability of the claim or dispute***), between

> you and us or our employees, agents, successors or assigns, which arises out of or relates to your credit application, purchase or condition of this vehicle, this contract or any resulting transaction or relationship (including any such relationship with third parties who do not sign this contract) shall, at your or our election, **be resolved by neutral, binding arbitration and not by a court action**.

*See* ECF No. 19-2, at 2 (emphasis added).

This language "clear[ly] and unmistakabl[y]" delegates to the arbitrator, *Kaplan*, 514 U.S. at 943, disputes about the "interpretation and scope of th[e] Arbitration Provision," ECF No. 19-2, at 2. The issue of whether the RIC precludes class arbitration is a dispute regarding the scope of arbitration. *See Cobarruviaz v. Maplebear, Inc.*, 143 F. Supp. 3d 930, 942 (N.D. Cal. 2015) (describing the availability of class arbitration as an issue of the "scope of the arbitration"). The parties do not provide, and the Court is not aware of, any other provision of the RIC that makes the above-quoted language ambiguous. Accordingly, because the parties have clearly and unmistakably delegated to the arbitrator disputes about whether the RIC precludes class arbitration, the issue is not for the Court to decide, even assuming Plaintiff actually asserted class claims. *See Iversen*, 836 F. Supp. 2d at 1013 ("[C]ourts and arbitrators are to 'give effect to the contractual rights and expectations of the parties.'" (internal quotation marks omitted)).

In sum, both parties agree that this case should proceed to arbitration. The parties' only disagreement is whether this Court should decide whether class arbitration is allowable under the RIC. For the reasons discussed above, the Court agrees with Plaintiff that the issue is not for the Court to decide because (1) Plaintiff's complaint does not contain *any* class claims, and (2) the parties have delegated to the arbitrator disputes about the scope of arbitration. Thus, to the extent that Defendant moves to compel arbitration between the parties, the Court GRANTS Defendant's motion because the parties agree that Plaintiff's claims should be arbitrated. However, to the extent that Defendant seeks an Order from this Court that the RIC precludes class-wide arbitration, the Court DENIES Defendant's motion because the issue is not before this Court and because the parties have delegated to the arbitrator disputes about the scope of arbitration. *See* ECF No. 19-2, at 2.

## IV.   CONCLUSION

For the foregoing reasons, Defendant's motion to compel arbitration is GRANTED in part and DENIED in part. In light of the parties' agreement that the claims in Plaintiff's complaint are subject to arbitration, the parties shall proceed to arbitration. Plaintiff's claims are hereby DISMISSED WITHOUT PREJUDICE so that the parties may pursue arbitration. *See Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 638 (9th Cir. 1988) (explaining that dismissal is appropriate where "the arbitration clause [is] broad enough to bar all of the plaintiff's claims"). The Clerk shall close the case file.

**IT IS SO ORDERED.**

Dated: May 26, 2017

_____
LUCY H. KOH
United States District Judge